# United States Court of Appeals for the Federal Circuit

---

**CHRISTOPHER MICHAEL HERNANDEZ,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2025-1301

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 23-4193, Judge Joseph L. Falvey, Jr.

---

Decided: August 10, 2026

---

TRICIA PATTEN PETEK, The MilVet Law Firm, PLLC, Tacoma, WA, argued for claimant-appellant. Also represented by CASEY CLOUCHETE.

BRENDAN DAVID JORDAN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent-appellee. Also represented by ERIC P. BRUSKIN, PATRICIA M. MCCARTHY, BRETT SHUMATE; MATTHEW ALBANESE, DEREK SCADDEN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE and PROST, *Circuit Judges*, and SUBRAMANIAN, *District Judge*.[1]

LOURIE, *Circuit Judge*.

Christopher Michael Hernandez appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court"). The Veterans Court affirmed a decision of the Board of Veterans' Appeals ("the Board") denying Hernandez service connection for various injuries. *Hernandez v. McDonough*, No. 23-4193, 2024 WL 2977383 (Vet. App. June 13, 2024) ("*Decision*"); J.A. 102–116 ("*Board Decision*"). For the following reasons, we affirm.

## BACKGROUND

Hernandez served in the Air Force from August 1985 to August 1989. *See* J.A. 183. During his service in 1987, he reported experiencing eye pain and was diagnosed with pink eye and ultraviolet keratitis (sunburn on the surface of the eye). *Board Decision*, J.A. 109, 111. And in 1988, Hernandez reported experiencing headaches that eventually led to a diagnosis of acute gastroenteritis. *Id.*, J.A. 111.

Several decades later, in May 2018, Hernandez sought disability compensation from the Department of Veterans Affairs ("VA") for three conditions: tinnitus, an eye disability, and migraines. J.A. 239–40. The VA Regional Office ("RO") denied service connection for all three conditions, and Hernandez appealed to the Board. J.A. 144–51.

---

[1]    Honorable Arun Subramanian, District Judge, United States District Court for the Southern District of New York, sitting by designation.

The Board similarly denied all three of Hernandez's claims, determining that service connection was not warranted. *Board Decision*, J.A. 115–16.

For all three claims, the Board credited private medical records that tended to show that the onset of Hernandez's conditions occurred well after his service over statements that Hernandez made later in the context of seeking compensation. *Id.*, J.A. 106–09, 110–111, 112–15. The Board noted that "[c]ourts have recognized how medical history recounted in the course of medical evaluation and treatment is especially probative (trustworthy) because the declarant has inherent incentive to give the most accurate history to, in turn, receive the best or most appropriate medical care." *Id.*, J.A. 106. The Board therefore gave greater probative weight to private medical records, and denied service connection for all three claims.

Hernandez appealed to the Veterans Court, which affirmed. The Veterans Court explained that the case turned on credibility determinations, and concluded that the Board properly relied "on the well-settled idea that people have an incentive to be truthful when seeking medical care" in giving "the statements [Hernandez] made to medical providers more weight than the assertions he made when seeking benefits." *Decision*, 2024 WL 2977383, at *1. The Veterans Court therefore determined that the Board did not err in its credibility determinations because "the Board relied on a valid and intuitive legal principle" that comes from the Federal Rules of Evidence: "when people need medical care, they have great incentive to tell the truth." *Id.* at *2–3.

Hernandez timely appealed. Our jurisdiction is governed by 38 U.S.C. § 7292.

## DISCUSSION

Our scope of review of Veterans Court decisions is limited. We must "decide all relevant questions of law" but we

generally "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d). "We review the Veterans Court's legal determinations *de novo*." *Larson v. McDonough*, 10 F.4th 1325, 1327 (Fed. Cir. 2021).

Hernandez argues that the Veterans Court committed two legal errors: (1) it erroneously adopted portions of the Federal Rules of Evidence; and (2) in so doing, adopted a rule contrary to the benefit-of-the-doubt rule under 38 U.S.C. § 5107(b). Open. Br. 2, 14. We address each in turn.

Hernandez first argues that the Veterans Court erred in relying on the principle that those in need of medical care are incentivized to be truthful regarding their current medical state when assigning more weight to statements that Hernandez made in seeking treatment over statements he made when seeking benefits. *See id.* at 15–16. Specifically, Hernandez contends that the Veterans Court erred in using a rationale derived from the Federal Rules of Evidence's admissibility rules to afford certain evidence greater probative weight. *See id.* We disagree.

The Veterans Court did not err in applying the principle that "when people need medical care, they have great incentive to tell the truth." *Decision*, 2024 WL 2977383, at *2. That principle comes from the advisory committee notes to Federal Rule of Evidence 803, which lists exceptions to the rule against hearsay, including that statements made for medical diagnosis or treatment are generally admissible despite being hearsay, at least in part due to "the patient's strong motivation to be truthful" which carries a "guarantee of trustworthiness." Fed. R. Evid. 803 advisory committee note (1972).

As Hernandez points out, this rationale explains why statements made for medical diagnosis or treatment are *admissible*, and does not necessarily indicate that such

statements should be given greater probative weight. But we have explained that, although the Federal Rules of Evidence are not binding in VA and Board proceedings, such rules may "offer useful guidance" in those proceedings, including for evaluating the probative weight of evidence. *See AZ v. Shinseki*, 731 F.3d 1303, 1316 (Fed. Cir. 2013). We therefore see no error in the Board's reliance on a principle supported by the Federal Rules of Evidence that "when people need medical care, they have great incentive to tell the truth." *Decision*, 2024 WL 2977383, at *2. The Board merely used that principle as guidance to give greater probative weight to certain evidence. To the extent that Hernandez takes issue with the weighing of the evidence itself, that is a factual dispute that is outside of our scope of review. *See Deloach v. Shinseki*, 704 F.3d 1370, 1380 (Fed. Cir. 2013) ("[T]he evaluation and weighing of evidence are factual determinations committed to the discretion of the factfinder.").

Indeed, we have recognized the trustworthiness of medical records in determining causation in the vaccine injury context because they "contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions" such that "accuracy has an extra premium." *Cucuras v. Sec'y of Dep't of Health & Hum. Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993). Given that the same type of accuracy is relevant here, we see no reason why that rationale cannot apply in the veterans context as well. We therefore conclude that the Veterans Court did not err in relying on the principle that "when people need medical care, they have great incentive to tell the truth" in finding no error in the Board's weighing of the evidence.

Hernandez next argues that the Veterans Court's adoption of that principle is contrary to the benefit-of-the-doubt rule, which is recited in 38 U.S.C. § 5107(b):

The Secretary shall consider all information and lay and medical evidence of record in a case before

> the Secretary with respect to benefits under laws administered by the Secretary. *When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant.*

(emphasis added). According to Hernandez, the Board's ability to rely on the trustworthiness of medical records would obviate the benefit-of-the-doubt rule, because "the weight assigned to the statements relating to medical care [is] inherently deemed of higher weight than other lay testimony." Open. Br. 17. Again, we disagree.

The benefit-of-the-doubt rule does not apply in every case. "The VA gives the benefit of the doubt to the veteran *only after* determining that the positive evidence and negative evidence on a material issue are in approximate balance." *Bufkin v. Collins*, 604 U.S. 369, 381 (2025) (emphasis added). "[E]vidence is not in 'approximate balance' or 'nearly equal,' and therefore the benefit-of-the-doubt rule does not apply, when the evidence persuasively favors one side or the other." *Lynch v. McDonough*, 21 F.4th 776, 781–82 (Fed. Cir. 2021) (en banc); *see also Mattox v. McDonough*, 56 F.4th 1369, 1378 (Fed. Cir. 2023) ("[W]hen conducting a benefit-of-the-doubt-rule analysis, as in other settings, the Board is required to assign probative value to the evidence.").

We determine that the Board's ability to credit statements made for the purpose of medical diagnosis or treatment over other evidence is not in conflict with the benefit-of-the-doubt rule. The Board must *first* consider and weigh all evidence, including statements made for medical diagnosis or treatment if offered, and then must apply the benefit-of-the-doubt rule *only* "[w]hen there is an approximate balance." 38 U.S.C. § 5107(b); *see Bufkin*, 604 U.S. at 381.

We do not determine that statements made for medical diagnosis or treatment are always more probative than

other evidence, which would, according to Hernandez, obviate the benefit-of-the-doubt rule whenever such statements are introduced.  Indeed, there may be instances where, depending on the facts of a case, such statements are not particularly probative, or other evidence is more probative.  That is a factual determination for the finders of fact to determine on a case-by-case basis.  All we determine now is that the use of the general principle that "when people need medical care, they have great incentive to tell the truth" is not contrary to law.  The Board's ability to weigh statements made for the purpose of medical diagnosis or treatment based on the facts of a case accordingly does not conflict with the benefit-of-the-doubt rule.

## CONCLUSION

We have considered Hernandez's remaining arguments but find them unpersuasive.  For the foregoing reasons, we affirm.

### **AFFIRMED**

### COSTS

No costs.